# 𝕴𝖓 𝖙𝖍𝖊 𝖀𝖓𝖎𝖙𝖊𝖉 𝕾𝖙𝖆𝖙𝖊𝖘 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝕮𝖔𝖚𝖗𝖙
# 𝖋𝖔𝖗 𝖙𝖍𝖊 𝕾𝖔𝖚𝖙𝖍𝖊𝖗𝖓 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝖔𝖋 𝕲𝖊𝖔𝖗𝖌𝖎𝖆
# 𝖂𝖆𝖞𝖈𝖗𝖔𝖘𝖘 𝕯𝖎𝖛𝖎𝖘𝖎𝖔𝖓

| | | |
|---|---|---|
| TIMOTHY CUPP; and KATHY CUPP, | * | |
| Plaintiffs, | * | |
| vs. | * | CV 512-005 |
| UNITED STATES OF AMERICA, | * | |
| Defendant. | * | |

**ORDER**

Presently before the Court is the United States of America's Motion to Dismiss. See Dkt. No. 14. Upon due consideration, Defendant's motion is **DENIED**.

**BACKGROUND**

Plaintiffs seek to recover under the Federal Torts Claim Act ("FTCA"). The Amended Complaint alleges that, on September 18, 2008, Timothy Cupp was struck by a forklift driven by a national guardsman in the parking lot of the Freeport, Texas City Hall. Dkt. No. 16, ¶¶ 3-4. At the time, the national guardsman was working on a Federal Emergency Management Agency ("FEMA") project relating to Hurricane Ike. Dkt. No. 16, ¶ 4. The Amended Complaint asserts that the national guardsman "was totally incompetent with regard to the operation of said fork lift truck and was reckless in the manner in which he operated

1

AO 72A
(Rev. 8/82)

said fork lift truck" and that the national guardsmen's superiors "failed to exercise appropriate supervision." Dkt. No. 16, ¶ 5.

On September 17, 2010, Plaintiffs mailed a Standard Form 95 ("SF-95") seeking compensation for the resulting injuries to the National Guard Bureau. Dkt. No. 14, Ex. 1. That same day Plaintiffs mailed an identical SF-95 to FEMA. Dkt. No. 14, Ex. 2. On March 2, 2011, the Army Claim's Office sent a letter to Plaintiffs' counsel seeking, among other things, medical treatment and billing records. Dkt. No. 14, Ex. 4. Although Plaintiffs' counsel asserts he responded to that letter, the Army contends it never received anything in response. Dkt. No. 17, Ex. 2; Dkt. No. 21, Ex. 1. On June 9, 2011, the Army Claim's Office sent a follow-up letter stating that "[t]o date, we have not received any further correspondence from you." Dkt. No. 14, Ex. 5. The letter further stated "[w]ithout the documentation we requested in our previous letter, we cannot evaluate the claims." Dkt. No. 14, Ex. 5. On July 19, 2011, the Army Claim's Office sent a third letter denying Plaintiffs' claim. Dkt. No. 14, Ex. 6.

On January 19, 2012, Plaintiffs initiated the present action. Dkt. No. 1. The United States filed a motion to dismiss. Dkt. No. 8. After the Plaintiffs filed an Amended Complaint, the United States withdrew its first motion to

2

dismiss and filed a motion to dismiss the Amended Complaint. See Dkt. Nos. 12, 14. The United States' motion argued that sovereign immunity had not been waived pursuant to the FTCA and attached various exhibits. In opposition to the motion, Plaintiff's submitted an Affidavit of Timothy Cupp, which provided additional facts surrounding his injury. See Dkt. No. 17, Ex. 1.

**LEGAL STANDARD**

Federal courts have limited jurisdiction. Ishler v. Internal Revenue, 237 F. App'x 394, 395 (11th Cir. 2007) (citing Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974 (11th Cir. 2005)). The plaintiff bears the burden of establishing the court's subject matter jurisdiction. Id. (citation omitted).

Under Federal Rule of Civil Procedure 12(b)(1), there are two types of motions to dismiss for lack of subject matter jurisdiction—facial attacks and factual attacks. Morrison v. Amway Corp., 323 F.3d 920, 925 n.5 (11th Cir. 2003) (citing Lawrence v. Dubar, 919 F.2d 1525, 1529 (11th Cir. 1990)). "Facial attacks challenge subject matter jurisdiction based on allegations in the complaint, and the district court takes the allegations as true in deciding whether to grant the motion." Id. "Factual attacks challenge subject matter jurisdiction in fact, irrespective of the pleadings." Id. In resolving a factual attack, the district court may consider extrinsic

3

evidence such as testimony and affidavits." Id. In considering a factual attack:

> the trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction-its very power to hear the case-there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims.

Lawrence, 919 F.2d at 1529 (citing Williamson v. Tucker, 645 F.2d 404, 412-413 (5th Cir. 1981)).

## DISCUSSION

The United States moves for dismissal for lack of jurisdiction for two alternative reasons. First, the United States argues that the United State's immunity has not been waived because of the FTCA's private analogous liability requirement. Second, the United States contends that there is no waiver of immunity under the FTCA because Plaintiffs failed to satisfy the FTCA's presentment requirement. Dkt. No. 14. The United States has identified both arguments for dismissal as factual attacks on subject matter jurisdiction. Dkt. No. 14 at 4. Each side has submitted documentary evidence to support their arguments.

**I. Analogous Private Liability Requirement under the FTCA**

Under the FTCA, federal courts have jurisdiction over claims against the United States "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); 28 U.S.C. § 2674. Both parties agree that the law of Texas, where the accident occurred, applies. See Stevens v. Battelle Mem'l Inst., 488 F.3d 896, 899 n.3 (11th Cir. 2007) (citing Cole v. United States, 755 F.2d 873, 879 n. 16 (11th Cir. 1985)).

The United States contends that a private person would not be liable under Texas law because of a Texas statute limiting liability for disaster assistance. Texas law provides that:

> Except in a case of reckless conduct or intentional, willful, or wanton misconduct, a person is immune from civil liability for an act or omission that occurs in giving care, assistance, or advice with respect to the management of an incident:
>
>    (1) that is a man-made or natural disaster that endangers or threatens to endanger individuals, property, or the environment; and
>
>    (2) in which the care, assistance, or advice is provided at the request of an authorized representative of a local, state, or federal agency, including a fire department, police department, an emergency management agency, and a disaster response agency.

Tex. Civ. Prac. & Rem. Code Ann. § 79.0003(a) (West 2003).

In the present case, the National Guardsman who hit Timothy Cupp was operating a forklift as part of the FEMA's relief

5

efforts because of Hurricane Ike, which undisputedly qualifies as natural disaster. Dkt. No. 16, ¶ 4; Tex. Civ. Prac. & Rem. Code Ann. § 79.0003(a)(1). Thus, under Texas law, a private party could only be held liable in the circumstance only for "reckless conduct or intentional, willful, or wanton misconduct." Id.

Plaintiffs' Amended Complaint asserts that the National Guardsmen "operated [the] fork lift machine in a reckless manner." Dkt. No. 16, ¶ 4. Plaintiffs' Amended Complaint contains very little facts relating to the incident or about how the operation was reckless. See Dkt. No. 16. The Amended Complaint alleges that (1) the National Guardsman drove the forklift into Timothy Cupp, (2) "was totally incompetent with regard to the operation of [the] fork lift," and (3) that the National Guardsman's supervisors "failed to exercise appropriate supervision over said National Guardsman." Dkt. No. 16, ¶¶ 4-5.

The Affidavit of Timothy Cupp attached to Plaintiffs' response to the United States' Amended Motion to Dismiss contains significantly more factual details that are absent from the Amended Complaint. See Dkt. No. 17, Ex. 1. Timothy Cupp explains that he was standing in an area designated for truck drivers, like Cupp, to stay. Dkt. No. 17, Ex. 1, ¶ 3. Timothy Cupp asserts that there "was not supposed to be any active loading or unloading in the area where [he] was standing" and

that "[t]here should have never been any forklift operation in this area." Dkt. No. 17, Ex. 1, ¶¶ 3-4. Timothy Cupp explains that the forklift truck that hit him "had a pallet of bottled water on it," such that the "water would have obstructed the view of the driver going forward." Dkt. No. 17, Ex. 1, ¶ 7. Timothy Cupp states that he has worked in "jobs where a significant portion of [his] job involved operation of forklift trucks," and that "[a]ny competent forklift truck driver operating a forklift would know that if the load on the pallet obstructs the view going forward, the only safe thing to do is to travel in reverse." Dkt. No. 17, Ex. 1, ¶¶ 6-7. The affidavit states that Timothy Cupp spoke with Lieutenant Burleson following the injury who told Timothy Cupp that "the forklift truck driver was not a certified truck driver." Dkt. No. 17, Ex. 1, ¶ 7.

The United States argues that, under the Twombly/Iqbal standard, the Amended Complaint's allegation that the conduct was reckless is a legal conclusion and that the Amended Complaint contains insufficient factual allegations supporting recklessness. Dkt. No. 21 at 4-5. See Ashcroft v. Iqbal, 556 U.S. 662 (2008); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). It is not clear to this Court whether the heightened Twombly/Iqbal plausibility standard for 12(b)(6) motions applies to 12(b)(1) motions for lack of subject matter jurisdiction. See

Maya v. Centex Corp., 658 F.3d 1060, 1068 (9th Cir. 2011) (stating that Twombly and Iqbal are "ill-suited to application" in the jurisdictional context); Sattar v. Holder, No. 07-cv-2698-WDM-KLM, 2011 WL 2415738 at *3 (D. Colo. 2011 June 16, 2011) ("[T]he fact that Defendants believe that Plaintiff's claims are facially implausible does not implicate the doctrine of sovereign immunity or the Court's jurisdiction over the claims."). Important differences exist between the two types of motions; one evaluates the merits (or lack thereof) of a plaintiff's claim. The other concerns this Court's power to hear the claim. See Blue Cross & Blue Shield of Ala. v. Sanders, 138 F.3d 1247, 1351-52 (11th Cir. 1998) ("[W]e respect the important distinction between the lack of subject matter jurisdiction and the failure to state a claim upon which relief can be granted.").

This case also presents the rare circumstance where the facts most indicative of subject matter jurisdiction are contained outside of the Amended Complaint. The facts contained in Timothy Cupp's Affidavit present a much stronger case for recklessness than the scant information contained in the Amended Complaint. As identified by the parties, the present motion involves a factual attack on jurisdiction, which calls for the investigation of whether subject matter jurisdiction exists in fact. Viewing the present record, the Court is sufficiently

AO 72A
(Rev. 8/82)

satisfied that a basis for jurisdiction exists at this stage in the proceeding. The record contains facts indicating that the national guardsman could have been acting recklessly, as that term is defined under Texas law.

## II. The FTCA's Presentment Requirement

Under 28 U.S.C. § 2675(a), a party must present his claim to the appropriate federal agency prior to filing suit under the FTCA. "A district court only has jurisdiction over an FTCA action if the plaintiff has met section 2675(a)'s requirements." Burchfield v. United States, 168 F.3d 1252, 1255 (11th Cir. 1999). "To satisfy 2675(a), a claimant must do two things: (1) give the appropriate agency written notice of his or her claim sufficient to enable the agency to investigate and (2) place a value on his or her claim." Id. (citations omitted).

The United States argues that Plaintiffs failed to provide sufficient information. Plaintiffs submitted Standard Form 95s to FEMA and the National Guard Bureau. The forms state that:

> While Timothy Cupp was in the parking lot of the Freeport Texas, City Hall, a National Guardsman working on FEMA relief for Hurricane Ike, was operating a fork lift, and he drove the machine into Timothy Cupp. Kathy D. Cupp is the lawful wife of Timothy Cupp, and has suffered a loss of consortium.

Dkt. No. 14, Exs. 1-3. The forms indicate the date and time of the accident as Thursday, September 18, 2008 at approximately 12:00 noon. Dkt. No. 14, Exs. 1-3. The forms allege that

9

"Timothy J. Cupp received serious back injuries which have caused him to have back surgery, and have had to have metal rods placed on his spine." Dkt. No. 14, Exs. 1-3. Jeff Pynes the Freeport City Manager, Lieutenant William Burleson of the National Guard, and a National Guardsman named Sergeant Hunt are identified as witnesses. Dkt. No. 14, Exs. 1-3. Sergeant Hunt's first name is not given, but the forms state that "Sgt. Hunt is believed to be employed by the Galveston Police Department as his primary job." Dkt. No. 14, Exs. 1-3. The total amount of damages sought by both Plaintiffs is listed as $4,000,000. Dkt. No. 14, Exs. 1-3.

The Eleventh Circuit has described "the requisite jurisdictional notice under § 2675 as 'minimal.'" Tidd v. United States, 786 F.2d 1565, 1568 (11th Cir. 1986); see Burchfield, 168 F.3d at 1255. A claimant is not required "to provide the agency with a preview of his or her lawsuit by reciting every possible theory of recovery or every factual detail that might be relevant." Id. It is a "rare instance when the filing of a Standard Form 95 claim has not provided the appropriate agency with sufficient notice to commence an investigation of the circumstances giving rise to the claim." Tidd, 786 F.2d at 1570.

Here, Plaintiffs provided the time, place, and nature of the accident as well as the type of injury suffered. The forms

10

also included the names of three witnesses to the accident with sufficient information to locate them. The Court concludes that Plaintiffs provided sufficient information to "inform the relevant agency of the circumstances so that it [could] investigate the claim and respond either by settlement or defense." Tidd, 786 F.2d at 1568. The information was not "so vague or lacking in detail that the agency [could] not be expected to initiate any investigation at all." Burchfield, 168 F.3d at 1257.

The present case is readily distinguishable from the "rare" circumstances where the submission of a Standard Form 95 is insufficient. Tidd, 786 F.2d at 1570. In Tidd, the Standard Form 95 submitted by the plaintiff contained only three pieces of information relevant to the plaintiff's claim, two of which were the location and date she received a vaccine that allegedly caused her harm. Id. at 1568. The date and location of the incident provided in the form, by the plaintiff's own admission were incorrect. Id. The Eleventh Circuit concluded that the form "provided only the name of the claimant and the general nature of her alleged injury, nothing more." Id. at 1568. Plaintiffs here provided substantially more details of the incident. Accordingly, the Standard Form 95s submitted by Plaintiffs satisfied § 2675.

11

The United States asserts that Plaintiffs failed to comply with the presentment requirements by refusing to provide evidence to substantiate their claim. Dkt. No. 14 at 8-9. The Department of the Army twice requested that Plaintiffs submit documents regarding their claims. Dkt. No. 14, Ex. 4-5. The Court understands that the parties dispute whether Plaintiffs submitted anything in response. Regardless, this Court's jurisdiction is not affected by Plaintiffs' refusal to comply with additional requests of information.

"A proper notice of claim under [§ 2675(a)] occurs where the claimant (1) givens the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim." Tidd, 786 F.2d at 1567. "Once that prerequisite has been complied with, any further obligation on the part of a claimant ceases." Id. "Although a claimant has an obligation to give *notice* of a claim under § 2675, he or she does not have an obligation to provide further information to assist *settlement* of the matter." Id. (emphasis in original). Applicable precedent makes it clear that complying with requests for additional information is not a perquisite to pursue an action in federal court. See id.; Adams v. United States, 615 F.2d 284, 288 (5th Cir. 1980)[1] ("The

---

[1] All Fifth Circuit opinions handed down prior to close of business on September 30, 1981 constitute binding precedent in the Eleventh

12

question whether a plaintiff has presented the requisite section 2675 notice is determined without reference to whether that plaintiff has complied with all settlement related requests for information.").

## CONCLUSION

For the reasons stated above, the United States Motion to Dismiss the Amended Complaint, Dkt. No. 14, is **DENIED**.

**SO ORDERED**, this 13th day of August, 2013.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

Circuit.  Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981).

13