# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

| | | |
|---|---|---|
| TIMOTHY CUPP; and KATHY CUPP, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| vs. | * | CV 512-005 |
| | * | |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Defendant. | * | |

## ORDER

Presently before the Court is the United States of America's Motion for Summary Judgment. See Dkt. No. 51. Upon due consideration, Defendant's motion is **DENIED**.

### BACKGROUND

Plaintiff Timothy Cupp seeks to recover under the Federal Tort Claims Act ("FTCA") for injuries that he received after he was allegedly struck by a forklift driven by a National Guardsman in Freeport, Texas. Dkt. No. 16, ¶¶ 3-4. Plaintiff Kathy Cupp, Timothy Cupp's wife, seeks recovery for loss of consortium. Dkt. No. 16, ¶ 11. The National Guard members present at the scene of the accident were working on a Federal Emergency Management Agency ("FEMA") project responding to

1

Hurricane Ike. Dkt. No. 16, ¶ 4. Timothy Cupp testified that the forklift driver operated the forklift recklessly. Dkt. No. 17-1, ¶ 4. He also expressed hearing from other National Guard employees that the person operating the forklift was not a certified forklift truck driver and that the "forklift truck driver had been doing 'circles' while operating of the forklift truck, as if the forklift truck were a toy or all terrain vehicle." Dkt. No. 17-1, ¶ 7. According to Timothy Cupp, he received back injuries requiring multiple surgeries and ongoing medical treatment, and he is no longer able to work. Dkt. Nos. 16, ¶¶ 7-8; 52, ¶¶ 48-67.

On September 17, 2010, Plaintiffs mailed Standard Form 95 ("SF-95") claims regarding their injuries to FEMA and the National Guard Bureau. Dkt. No. 14, Ex. 1. Plaintiffs maintain that the forms were faxed and received on September 17 and that a courier service served the papers on September 20, 2010. Dkt. No. 17-2. Copies of the form in the record contain evidence of receipt on September 20, 2010. Dkt. Nos. 52-21; 57-3. The United States, though somewhat equivocally, agrees that an "unaddressed" form—a form with no agency name listed in box 1—was received by FEMA on September 20, 2010. See Dkt. Nos. 14, p. 3, n. 5; 51-1, pp. 13-14. In March 2011, the Army Claims Office wrote to Plaintiffs' counsel expressing that the claim was not timely, Kathy Cupp needed to file and sign her own

claim, and Plaintiffs' counsel needed to show proof of his representation of both Timothy and Kathy Cupp. See Dkt. No. 52-30. Plaintiffs' counsel maintains that he responded to this letter, but the Army states that it never received anything in response to its letter. Dkt. No. 17-2; Dkt No. 21-1. The Army Claims Office denied Plaintiffs' claim on July 19, 2011, citing the alleged technical deficiencies with Plaintiffs' claim. Dkt. No. 52-31.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The court must view the evidence and draw all inferences in the light most favorable to the nonmovant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). To discharge this burden, the movant must show the court that there is an absence of evidence to support the nonmoving party's case. Id. at 325. The burden then shifts to the nonmovant to go beyond the pleadings and present affirmative evidence to show that a genuine issue of fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

AO 72A
(Rev. 8/82)

Federal courts have limited jurisdiction. <u>Ishler v. Internal Revenue</u>, 237 F. App'x 394, 395 (11th Cir. 2007) (citing <u>Bochese v. Town of Ponce Inlet</u>, 405 F.3d 964, 974 (11th Cir. 2005)). The plaintiff bears the burden of establishing the court's subject matter jurisdiction. <u>Id.</u> (citation omitted). In the consideration of a Federal Rule of Civil Procedure 12(b)(1) factual challenge to subject matter jurisdiction that is not intertwined with the merits of the claim, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims." <u>Lawrence v. Dunbar</u>, 919 F.2d 1525, 1529-30 (11th Cir. 1990)(citing <u>Williamson v. Tucker</u>, 645 F.2d 404, 412-13 (5th Cir. 1981)).

**DISCUSSION**

The United States contends that there are no genuine issues of material fact in this case and moves for summary judgment based on three arguments. First, the United States argues that this Court lacks subject matter jurisdiction over Plaintiffs' claims based on Plaintiffs' failure to exhaust their administrative remedies. In that regard, the United States takes issue with the way in which Kathy Cupp's ("Mrs. Cupp") loss of consortium claim was presented administratively and further contends that Plaintiffs failed to act within the two-

4

year statute of limitations established by the FTCA. 28 U.S.C. § 2675(a). Second, the United States asserts that Plaintiffs' claims are barred by the FTCA's analogous private liability requirement. Finally, the United States maintains that Plaintiffs failed to meet their burden of proof as to their claims of negligence. Dkt. No. 51-1, p. 2.

## I. Jurisdiction

### a. Kathy Cupp's Loss of Consortium Claim

Where there are multiple claimants in an FTCA action, each claimant must satisfy the jurisdictional prerequisite of filing a proper claim with an administrative agency prior to instituting a federal suit. Turner v. United States, 514 F.3d 1194, 1200 (11th Cir. 2008). The notice requirement is minimal and designed to inform the agency of the circumstances of the accident, so it may investigate the claim and respond to it by settlement or defense. Adams v. United States, 615 F.2d 284, 289 (5th Cir. 1980).

The Eleventh Circuit has found that the FTCA's jurisdictional requirements were not met where purported claimants' names and the nature of their claims were not listed on the original administrative claim filed. Turner, 514 F.3d at 1202. In Turner, however, the Eleventh Circuit deemed that the SF-95 form was deficient because it did not list the disputed claimants, the parents of the person on the form, and it did not

specify the individual amounts of the non-listed persons' claims. Id. at 1201. The Turner court stated that multiple claimants may submit one form containing all claims in certain circumstances and cited Campbell v. United States, a Northern District of Georgia case, as a case in which such a method would be permitted. Id. (citing Campbell, 795 F. Supp. 1118, 1121-22 (N.D. Ga. 1990)). In Campbell, the court determined the notice requirement was met because all of the information necessary for investigating the claim was provided in the claim form, and the government treated all three persons as claimants throughout the settlement process. 795 F. Supp. at 1121 ("the government treated him as a claimant throughout the settlement process, and cannot now urge that the claim was defective merely because he failed to sign the form.")

The United States objects to the fact that the SF-95 form only contained Timothy Cupp's signature and not that of Kathy Cupp. Unlike in Campbell, the government in this case did inform Plaintiffs of its position that Kathy Cupp needed to submit her own claim, Dkt. No. 52-28, and that the form was defective because Kathy Cupp had not signed it. Dkt. No. 52-30. The United States denied the administrative claim based on these and other technicalities rather than on the merits, further distinguishing this case from Campbell. Dkt. No. 52-31.

6

Despite those distinctions, the Court finds that the essential elements of the notice requirement of 28 U.S.C. § 2675 were met in this case: the agency had sufficient written notice to allow it to investigate the claim of Kathy Cupp, which was clearly delineated as a loss of consortium claim derivative to Timothy Cupp's personal injury claim, and the SF-95 form placed a value of $1 million (of $4 million total claimed) on Kathy Cupp's claim. See Brown v. United States, 838 F.2d 1157, 1160 (11th Cir. 1988)(citations omitted); see also Burchfield v. United States, 168 F.3d 1252, 1255 (11th Cir. 1999)("Congress . . . enacted section 2675(a) not to place procedural hurdles before potential litigants, but to facilitate early disposition of claims."). Several district courts have made similar determinations where the disputed spouse was listed as a claimant or his claims were otherwise apparent on the face of the claim form. See Emery v. United States, 920 F. Supp. 788, 790-91 (W.D. Mich. 1996); Kokaras v. United States, 750 F. Supp. 542, 546 (D.N.H. 1990); Casey v. United States, 635 F. Supp. 221, 225-26 (D. Mass. 1986).

**b. Statute of Limitations**

A tort claim against the United States must be presented to the appropriate federal agency within two years of its accrual. Phillips v. United States, 260 F.3d 1316, 1317 (11th Cir. 2001)(citing 28 U.S.C. § 2401(b)).

The United States asserts that the expiration of the statute of limitations was on September 20, 2010, as September 18, 2010 fell on a Saturday. Dkt. No. 51-1, p. 13 (citing Fed. R. Civ. P. 6(a)(3)); see also Hart v. United States, 817 F.2d 78 (9th Cir. 1987) (finding Fed. R. Civ. P. 6(a) applies to limitations periods in FTCA suits). Plaintiffs contend that their claims were faxed to and received by FEMA and the National Guard on September 17, 2010. Plaintiffs also state that a courier service served the papers on September 20, 2010. Dkt. No. 57, p. 5. Evidence on the record indicates that an agency received Plaintiffs' SF-95 form on September 20, 2010. See Dkt. Nos. 52-21; 57-3.

The United States assumes, for the sake of argument, that Plaintiffs' fax was received on September 20, 2010, but it contends that "an unaddressed SF-95 received by FEMA on the final day of the statute of limitations period . . . does not satisfy the statutory requirement that the claim be presented in writing to the appropriate Federal agency." Dkt. No. 51-1, p. 14. The significance the United States attaches to the fact that the fax received by the United States was "unaddressed" is undercut by the fact that the claim describes the connection of both FEMA and the National Guard to the events underlying Plaintiffs' claims and by the fact that the fax was sent to and

received by an involved agency by the end of the limitations period.

The United States has not argued that the SF-95 was received by an inappropriate agency.[1] Moreover, federal regulations contemplate situations in which multiple agencies are involved in events giving rise to a claim and must decide amongst themselves, or with assistance from the Department of Justice, which agency will decide the claim. 28 C.F.R. § 14.2(b)(2). The United States merely contends that the unaddressed form received was insufficient notice to allow for the investigation and settlement of Plaintiffs' claims, and the Court disagrees.

Thus, the record contains facts indicating that the SF-95 form was timely received, and given the present record, the

---

[1] The Eleventh Circuit recently summarized that other circuits apply the doctrine of constructive filing in the FTCA context only "where the inappropriate federal agency: (1) receives a claim that otherwise fully complies with § 14.2(a)'s presentment requirements with sufficient time before the statute of limitations is set to run, and (2) then violates § 14.2 (b)(1)'s requirement to forward the claim to the appropriate agency or return the claim to the claimant." Motta v. United States, 717 F.3d 840, 844 (11th Cir. 2013). It also expressed that incorrect agencies should not be held responsible for transferring a claim where the proper agency cannot be identified from the claim and that finding constructive filing is not appropriate where claimants file with the incorrect agency at the "eleventh hour." Id. at 846 & n. 6. In this case, the United States does not appear to assert that FEMA is the incorrect agency or that the National Guard/Army was the only correct agency. Indeed, the United States earlier declined to make a statute of limitations argument (without waiving its right to do so later) when it ascertained that FEMA received the SF-95 form on September 20, 2010. The Court declines to address the issue of constructive filing in the absence of argument and record evidence that FEMA was an incorrect agency and given Plaintiffs' contention that the National Guard also received its claims by September 20, 2010.

Court is satisfied that a basis for jurisdiction exists at this stage in the proceedings.

## II. Analogous Private Liability Requirement under the FTCA

This Court has jurisdiction over FTCA claims against the United States "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); 28 U.S.C. § 2674. As the alleged accident in this case occurred in Texas, the law of Texas applies. See Stevens v. Battelle Mem'l Inst., 488 F.3d 896, 899 n. 3 (11th Cir. 2007) (citing Cole v. United States, 755 F.2d 873, 879 n. 16 (11th Cir. 1985) and 28 U.S.C. § 1346(b)).

The United States maintains that a private person would not be liable for the conduct in question under Texas law because of a Texas statute limiting liability for individuals involved in disaster assistance. The law states:

> Except in a case of reckless conduct or intentional, wilful, or wanton misconduct, a person is immune from civil liability for an act or omission that occurs in giving care, assistance, or advice with respect to the management of an incident:
> (1) that is a man-made or natural disaster that endangers or threatens to endanger individuals, property, or the environment; and
> (2) in which the care, assistance, or advice is provided at the request of an authorized representative of a local, state, or federal agency, including a fire department, police department, an emergency management agency, and a disaster response agency.

AO 72A
(Rev. 8/82)

Tex. Civ. Prac. & Rem. Code Ann. § 79.0003(a) (West 2003). The National Guardsman driving the forklift truck that allegedly hit Timothy Cupp was part of a unit providing relief pursuant to Hurricane Ike, a natural disaster. Dkt. No. 16, ¶ 4. Thus, under Texas law, the United States would be immune from liability, as would be a private party, except where the act or omission at issue involves "reckless conduct or intentional, wilful, or wanton misconduct[.]" Tex. Civ. Prac. & Rem. Code Ann. § 79.0003(a). Texas courts employ the definition of recklessness supplied by the Restatement (Second) of Torts, which provides that a person acts recklessly:

> if he does an act . . . knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent.

Monk v. Phillips, 983 S.W.2d 323, 325 (Tex. App. 1998)(quoting Restatement (Second) of Torts § 500 (1965)). Showing "reckless conduct" requires proof of more than ordinary negligence or a momentary judgment lapse; conduct is considered reckless if the party undertaking it "knew the relevant facts but did not care about the result." See George v. Price, 321 S.W.3d 164, 166 (Tex. App. 2010).

Plaintiffs' Amended Complaint asserts that the National Guardsman operating the forklift truck did so in reckless

manner. Dkt. No. 16, ¶ 4. In his Affidavit, Timothy Cupp alleges that there was not supposed to be active loading or unloading in the area where he was standing, that the driver should not have moved the vehicle forward with a load on the pallet obstructing his view, and that National Guard representatives told him that the person driving the forklift was "not a certified forklift truck driver" and had been "doing 'circles' while operating [] the forklift truck, as if the forklift truck were a toy or all terrain vehicle." Dkt. No. 17-1, ¶¶ 3, 7. Several of the individuals named in Timothy Cupp's affidavit deny having knowledge of an accident in which a National Guardsman struck someone with a forklift. See Dkt. Nos. 52-4; 52-5; 52-6. The Court finds a genuine dispute of material fact regarding whether or not a National Guardsman operated a forklift truck recklessly, such that the United States is not entitled to immunity from liability as a matter of law.

## II.  Negligence

Under Texas law, the elements of negligence are: "1) a legal duty owed by one person to another; 2) a breach of that duty; and 3) damages proximately resulting from the breach." Greater Houston Transp. Co. v. Phillips, 801 S.W.2d 523, 525 (Tex. 1990)(citations omitted). The foremost consideration in

determining whether or not a duty exists is foreseeability of the risk. Id.

The facts on the record, especially the contentions in Timothy Cupp's affidavit, speak to each of these elements. Moreover, Plaintiffs' allegations and record evidence sufficiently support the contention that the person allegedly driving the forklift was indeed a federal employee. Thus, the record evidence, viewed in a light most favorable to Plaintiffs on summary judgment, presents genuine issues of material fact regarding Plaintiffs' negligence claim.[2]

### CONCLUSION

For the reasons stated above, the United States' Motion for Summary Judgment, Dkt. No. 51, is **DENIED**.

**SO ORDERED**, this 24TH day of November, 2014.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] Premises liability is not the applicable framework in this case, where Timothy Cupp was allegedly injured as a contemporaneous result of the negligent activity itself rather than by a condition created by the activity. See Keetch v. Kroger Co., 845 S.W.2d 262, 264 (Tex. 1992).