IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| TIMOTHY CUPP and<br>KATHY CUPP,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CIVIL ACTION NO.: CV512-005 |

## ORDER

Presently before the Court is Defendant's Motion to Compel seeking a Court order requiring Plaintiffs to provide complete responses to Defendant's discovery requests. (Doc. 75.) For reasons set forth below, Defendant's Motion in **GRANTED IN PART AND DENIED IN PART.**

## BACKGROUND

Plaintiffs filed this action under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671–80 (2014), against Defendant on January 19, 2012. (Doc. 1, p. 1.) Plaintiffs allege that Plaintiff Timothy Cupp ("Mr. Cupp") suffered injuries to his lower back when a National Guardsman operating a forklift as part of a Federal Emergency Management Agency project allegedly drove the forklift into Mr. Cupp. (Doc. 16, pp. 1–2.)

This action is set for trial before the Honorable Chief Judge Lisa Godbey Wood on February 11, 2015. (Doc. 68, p. 1.) At a pretrial conference on November 14, 2014, the Court reopened discovery through January 31, 2015. (Doc. 68, p. 1.) Defendant then served Plaintiffs with supplemental interrogatories and supplemental requests for production of documents. (See

Doc. 75, p. 1.) Therein, Defendant requested information and documentation regarding Mr. Cupp's medical condition and treatment as well as documentation of lost wages. (Doc. 75, pp. 2–3.)

On January 15, 2015, Defendant filed the instant Motion to Compel arguing that despite numerous correspondences from Defendant, Plaintiffs had largely failed to respond to the supplemental interrogatories and requests for production. (See id. at p. 3.) On January 27, 2015, Plaintiffs responded that they had responded to the supplemental interrogatories and requests for production and that Plaintiffs' Motion, therefore, should be denied. (Doc. 79, p. 1.) Plaintiffs did not argue that the supplemental interrogatories were objectionable or that they otherwise were not obligated to respond to the discovery requests. (See id.) Plaintiffs did ask the Court to sanction Defendant and place the Motion under seal, because Defendant filed, as an attachment to its Motion, a document displaying Mr. Cupp's social security number and birth date. (Id.)

On January 28, 2015, Defendant filed a Reply withdrawing its Motion as to certain discovery requests because Plaintiffs had subsequently responded to those requests. (Doc. 83, p. 2.) Defendant's counsel apologized for having failed to redact Mr. Cupp's social security number and birth date from the filed exhibit and assured the Court that the document containing confidential information had since been placed on restricted access. (Id. at p. 1 & n.1.) However, Defendant disagreed that Plaintiffs had fully responded to Defendant's Supplemental Requests for Production of Documents and reiterated its requests that Plaintiffs provide the requested information and documentation. (Id. at pp. 2–3.) The Court addresses these discovery requests as well as Plaintiffs' request for sanctions for the release of confidential information in turn.

## DISCUSSION

I. **Defendant's Discovery Requests**

Federal Rule of Civil Procedure 26 provides that a party may obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Upon a showing of good cause, a court may order discovery of "any matter relevant to the subject matter involved in the action." Id. Relevant information "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. The court, however, must limit discovery when (1) "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; (2) "the party seeking discovery has had ample opportunity to obtain the information"; or (3) "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C).

In its Reply, Defendant states that the only discovery issues remaining before the Court involve its requests for the production of the following: (1) Mr. Cupp's medical records; (2) an authorization for Defendant to obtain Mr. Cupp's medical records from his health care providers ("HIPAA authorization"); and (3) copies of Mr. Cupp's W-2 forms submitted to the Internal Revenue Service ("IRS") during a ten-year period. (Doc. 83, p. 2); see also Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996) ("HIPAA"). The Court rules as follows:

A. **Mr. Cupp's Medical Records**

Defendant's First Supplemental Request for Production Number One sought

> all records, charts, reports, statements, bills, radiological film, documents or other tangible items concerning any medical examination or treatment performed by the individuals and providers identified in [Plaintiffs'] responses to Supplemental Interrogatory Nos. 1 and 2, including, but not limited to, any records, charts,

3

reports, statements, bills, radiological film, documents or other tangible items concerning the treatment or condition of [Mr.] Cupp's neck, back, or legs (including knees, ankles, or feet).

(Doc. 75, p. 2.) Plaintiffs' Responses to Defendant's First Supplemental Requests for Production stated that they "di[d] not have any of those records other than a copy of a deposition taken in [another action] in this Court." (Doc. 79, p. 5.) Defendant, however, explains that it has received over 150 pages of medical records from Plaintiffs and another 1,200 pages from health care providers but that it nevertheless has been unable to obtain records from certain providers. (Doc. 83, p. 3.) Thus, Defendant requests that Mr. Cupp produce all medical records that are "in his control." (Id.)

Mr. Cupp's medical records are, at a minimum, reasonably calculated to lead to the discovery of admissible evidence concerning his alleged injuries for which he seeks compensation through this action. Based on Plaintiffs' representations, however, it appears that Plaintiffs have produced all of the medical records in their possession. While Plaintiffs could request additional documents from their health care providers to provide Defendant with further disclosures, given the time constraints imposed by the imminent trial date in this matter, this process would likely be unproductive. Rather, it would be more convenient and efficient for Defendant to seek any additional medical records directly from the health care providers, pursuant to the HIPAA authorization discussed below.

For these reasons, Defendant's Motion to Compel as to Defendant's First Supplemental Request Number One is **GRANTED IN PART AND DENIED IN PART** in the following manner: To the extent that Plaintiffs have any materials in their possession that are responsive to Defendant's First Supplemental Requests for Production Number One that they have not previously provided to Defendant, they are ordered to disclose those materials to Defendant as

4

**soon as possible and in no event later than 5:00 p.m. on Monday, February 9, 2015.**
However, given the above-mentioned time constraints and the HIPAA authorization discussed below, Plaintiffs are not required to obtain additional materials from Mr. Cupp's health care providers to provide to Defendant.[1]

### B. HIPAA Authorization

In its Second Supplemental Requests for Production Number One, Defendant requested "one executed original of the medical release attached as Exhibit A to be executed by [Plaintiff] Timothy Cupp." (Doc. 75, p. 3.) While Plaintiffs responded that Mr. Cupp "has previously given the Defendant a HIP[A]A authorization" (Doc. 79, p. 6), Defendant avers that the previous HIPAA authorization was limited to certain health care providers (see Doc. 75-2, p. 5.) Accordingly, Defendant is seeking an authorization covering "all of the providers that [Mr. Cupp] has indicated that he may potentially call as witnesses at trial" so that Defendant may "obtain some records on which to evaluate and cross-examine their testimony." (Doc. 83, p. 3.)

There appears to be a split in authority as to whether a party, or a court, may compel another party to sign an authorization for the release of records, on the basis of a discovery request. See, e.g., McKnight v. Blanchard, 667 F.2d 477, 481–82 (5th Cir. 1982) ("[T]he documents or authority to copy them could have been obtained by a request [for production], and . . . since [the plaintiff's] physical condition was put at issue by his demands[,] the court upon proper motion could have ordered him to sign . . . an authorization."); cf. Klugel v. Clough, 252 F.R.D. 53, 55 (D.D.C. 2008) (collecting cases holding that a request for production is not the proper vehicle by which a party, or the court, can compel another party to sign a medical

---

[1] As Defendant has not moved for any sanctions in the instant Motion, the Court expresses no opinion in this Order as to whether Plaintiffs were previously obligated to obtain and disclose such materials. The Court also issues no opinion in this Order as to the admissibility of any of Mr. Cupp's medical records at trial, including any efforts to exclude those records as untimely disclosed.

authorization). While the Court of Appeals for the Eleventh Circuit has not addressed this issue, district courts in this Circuit have recognized a party's ability to request the production of a signed HIPAA authorization and the court's ability to order compliance therewith. See McMullen v. Charter Sch. USA, Inc., No. 09-61578, 2011 WL 56065, at *5 (S.D. Fla. Jan. 7, 2011); Rivers v. Asplundh Tree Expert Co., No. 5:08cv61, 2008 WL 5111300, at *2 (N.D. Fla. Dec. 3, 2008); Zaffis v. City of Altamonte Springs, No. 6:06-cv-385, 2007 WL 1796255, at *1 (M.D. Fla. June 20, 2007).

On the present facts, the undersigned joins these other district courts and finds that Mr. Cupp must produce a HIPAA authorization that conforms to Defendant's request for production. Plaintiffs previously agreed to sign a HIPAA authorization—albeit in limited form—and Plaintiffs raised no objection to Defendant's use of a request for production as a vehicle to compel such an authorization. Moreover, Plaintiffs put Mr. Cupp's physical condition at issue by filing this personal injury action, and it appears that Plaintiffs have not otherwise provided Defendant with all of the medical documents relevant to that claim during the discovery period.

Under these circumstances, the Court finds that the HIPAA authorization that Defendant seeks is not only reasonably calculated to lead to the discovery of admissible evidence but also the most convenient and least burdensome solution at this stage. For these reasons, Defendant's Motion to Compel as to Defendant's Second Supplemental Request Number One is **GRANTED**. Plaintiffs must provide Defendant with a signed HIPAA authorization complying with Defendant's Second Supplemental Request Number One **as soon as possible and in no event later than 12:00 p.m. on Monday, February 9, 2015**.

### C. Mr. Cupp's IRS Form W-2s

Defendant's Second Supplemental Requests for Production Number Two asked for "copies of Internal Revenue Service Form W-2s and any documents filed with said IRS Form W-2s submitted by [Mr.] Cupp for the years 2004-2014." (Doc. 75, p. 3.) In their Responses, Plaintiffs represented that "[Mr. Cupp] ha[d] produced all W-2 forms that he ha[d] for the relevant period of time." (Doc. 79, p. 6.) Defendant denies having any record of receiving any W-2 statements. (Doc. 83, p. 3.)

Notably, Plaintiffs do not object to the Form W-2s being relevant and discoverable; rather, Plaintiffs seem to oppose Defendant's request on the basis that Plaintiffs already produced W-2 forms pursuant to an earlier request. Because Defendant apparently has no record of having received those forms, and the forms are relevant to Plaintiffs' damages claims, Plaintiffs must comply with Defendant's discovery request.

The Court, therefore, **GRANTS** Defendant's Motion to Compel as to Defendant's Second Supplemental Requests for Production Number Two and orders that Plaintiffs must provide Defendant with the documents sought in that Request **as soon as possible and in no event later than 5:00 p.m. on Monday, February 9, 2015.**[2]

### B. Plaintiffs' Request for Sanctions and Sealing of the Record

A party may move for appropriate sanctions pursuant to Federal Rule of Civil Procedure 37 if another party fails to cooperate in discovery. See generally Fed. R. Civ. P. 37. In their Response, Plaintiffs "move that the Court seal a part of the record in this case and that the Court impose appropriate sanctions," based on Defendant's filing of a document displaying Mr. Cupp's Social Security number and date of birth. (Doc. 79, pp. 1–2.) In response, Defendant's counsel

---

[2] As with Mr. Cupp's medical records, in this Order, the Court issues no opinion as to the admissibility of Mr. Cupp's tax documents at trial, including any efforts to exclude those documents as untimely disclosed.

apologizes to the Court and Plaintiffs for this inadvertent error. (Doc. 83, p. 1.) In addition, Defendant's counsel explains that counsel took prompt action to ensure that the filing is now under restricted access and thus accessible only to authorized persons. Consequently, the Court does not find sanctions warranted and does not find it necessary to seal the record. However, counsel is reminded of their important obligation under Federal Rule of Civil Procedure 5.2 to prevent an individual's identifying information from being filed on the Court's publicly available docket.

## CONCLUSION

For the reasons and in the manner set forth above, Defendant's Motion to Compel is **GRANTED IN PART AND DENIED IN PART** as to Defendant's First Supplemental Request for Production Number One, **GRANTED** as to Defendant's Second Supplemental Request for Production Number One, and **GRANTED** as to Defendant's Second Supplemental Request for Production Number Two.

**SO ORDERED**, this 6th day of February, 2015.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA